**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTINE RUDDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-07930** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MANHATTAN SCHOOL DISTRICT 114** | ) | |
| **EDUCATIONAL FOUNDATION, INC.,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

Plaintiff, Christine Ruddy, ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Manhattan School District 114 Educational Foundation, Inc., ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants sex-based discrimination and sex-based harassment, under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Christine Ruddy, resides in Grundy County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Manhattan School District 114 Educational Foundation is a corporation doing business in and for Will County, Illinois, whose address is 25632 South Gougar Road Manhattan, IL 60442.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Director of Human Resources Professional Development and Communications from July 1, 2022, until her unlawful constructive discharge on or about February 16, 2024.

13. Since at least November 17, 2023, through February 16, 2024, Defendant has

subjected Plaintiff to different terms and conditions of employment than others not within their protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

14. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. On or about November 17, 2023, Plaintiff became aware that a female employee filed an EEOC Charge.

16. The Charge alleged the school's Superintendent (male), with whom Plaintiff was engaged in a consensual sexual relationship, shared explicit pictures of Plaintiff with at least one or more individuals without her consent.

17. These personal images were intended solely for the Superintendent and were not meant for anyone else's viewing.

18. The distribution of these images violated Plaintiff's privacy and infiltrated Plaintiff's workplace, which can be proven by Plaintiff's co-worker's knowledge of the distributed images.

19. Subsequently, Plaintiff was instructed by the Superintendent to authorize the transfer of all explicit pictures to the school board attorney.

20. This request from her superior left Plaintiff feeling highly uncomfortable and expressly vulnerable.

21. However, Plaintiff felt forced to supply the personal photos as she feared she would lose her job if she did not comply with the investigation.

22. On or about February 14, 2024, the schoolboard's attorney concluded their

investigation and informed Plaintiff that she must resign from her position.

23. Furthermore, the schoolboard's attorney threatened to disclose the investigation report publicly if she refused to resign.

24. The intimidation used to force Plaintiff to resign from her position was not used against Superintendent.

25. Feeling coerced, Plaintiff had no choice but to resign despite her desire to continue working.

26. Additionally, Plaintiff's contract was set to expire on June 30, 2026.

27. Plaintiff did not get to enjoy the benefits of finishing the remainder of her contract term, leaving her in a precarious financial situation.

28. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment.

29. Plaintiff was unlawfully constructively discharged because of her sex, (female) on or about February 16, 2024.

30. Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively discharged.

31. There is a basis for employer liability for the sex-based harassment that Plaintiff was subjected to.

32. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
## Violation of Title VII of the Civil Rights Act of 1964

**(Sex-Based Discrimination)**

33. Plaintiff repeats and re-alleges paragraphs 1 - 32 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

35. Plaintiff met or exceeded performance expectations.

36. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

37. Defendant constructively discharged Plaintiff's employment by coercing Plaintiff to resign on the basis of Plaintiff's sex.

38. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

39. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

40. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**<u>COUNT II</u>**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based Harassment)**

41. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. Defendant knew or should have known of the harassment.

44. The sex-based harassment was severe or pervasive.

45. The sex-based harassment was offensive subjectively and objectively.

46. The sex-based harassment was unwelcomed.

47. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of August 2024.

**/s/ *Nathan C. Volheim***
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*